IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

**GREAT WEST CASUALTY COMPANY,**  Case No. 1:21-CV-00441

        **Plaintiff,**

-vs-

        **JUDGE PAMELA A. BARKER**

**MARIC TRANSPORTATION, INC., et al.,**

        **Defendants.**    **MEMORANDUM OPINION & ORDER**

This matter is before the Court upon Plaintiff Great West Casualty Company's ("Great West") Renewed Motion for Default Judgment against Defendants Predrag Maric ("Maric"), Maric Transportation, Inc., and Olanyanjo Ladejo ("Ladejo") (together "Defendants") filed on September 21, 2022 ("Plaintiff's Motion"). (Doc. No. 48.) Neither Defendants, nor any other defendant in this lawsuit has opposed Plaintiff's Motion. Accordingly, Plaintiff's Motion is ripe for a decision. For the reasons set forth below, Plaintiff's Motion is GRANTED.

**I. Background**

On February 25, 2021, Great West filed a complaint for declaratory judgment against Maric Transportation, Inc., Maric, Susan Quinones ("Quinones"), Joyce McKenzie ("McKenzie"), and Ladejo seeking a declaration that it was not obligated to provide coverage to any defendant under a Non-Trucking Use ("NTU") policy it issued to Maric Transportation, Inc. for injuries and damages sustained by David Scheele ("Scheele") and McKenzie as a result of the alleged negligent operation by Ladejo of a 2007 Freightliner tractor hauling a 2012 Great Dane Trailer. (Doc. No. 1.) Great West perfected service upon Maric and Maric Transportation, Inc. on May 17, 2021, and May 15, 2021, respectively. (Doc. Nos. 9, 10.) Great West perfected service on Ladejo on July 1, 2021. (Doc.

No. 19.) These Defendants never filed answers or responses to the complaint, and on June 28, 2021, Great West applied for an entry of default as to Maric and Maric Transportation, Inc. and on July 28, 2021, Great West applied for an entry of default as to Ladejo. (Doc. Nos. 16, 25.) Entries of default were entered against these Defendants, respectively, on June 29, 2021, and August 2, 2021. (Doc. Nos. 17, 18, 26.)

On August 26, 2021, Great West filed a motion for default judgment against Defendants. (Doc. No. 28.) Quinones and McKenzie objected on the basis that they, as the plaintiffs in the underlying tort action filed in Trumbull County, Ohio, had an interest in whether coverage was owed under the NTU Policy as potential beneficiaries. (Doc. No. 30.) The Court agreed with Quinones and McKenzie and denied Great West's motion for default judgment. (9/13/2021 non-document Order.)

On September 16, 2022, the Court issued its Memorandum Opinion and Order granting Great West's motion for summary judgment and denying Quinones' and McKenzie's cross motion for summary judgment. (Doc. No. 47.) Therein, the Court found that Great West did not owe coverage to Defendants for Scheele's and McKenzie's injuries and damages and gave Great West 30 days, or until October 16, 2022, within which to re-file its motion for default judgment against Defendants. Plaintiffs' Motion was filed on September 21, 2022, and no opposition thereto has been filed by Defendants or Quinones or McKenzie.

## II.     Standard of Review

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Under Rule 55, the clerk must enter default against a party who fails to plead or otherwise defend against a judgment for affirmative relief. Fed. R. Civ. P. 55(a). After the clerk enters default, the party seeking relief

may apply to the court for a default judgment. *Id.* at 55(b). Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S. Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

### III. Analysis

As asserted by Great West, this Court may properly enter a default judgment on a claim for a declaratory judgment when a defendant fails to answer the complaint or otherwise defend itself, citing *Erie Ins. Co. v. Manns*, 2021 WL 462649, at *2 (S.D. Ohio Feb. 9, 2021); *Hartford Accident & Indemn. Co. v. Smeck*, 78 F.R.D. 537, 539 n.3 (E.D. Pa. 1978); and *Freeman v. State Farm Mut. Auto. Ins. Co.*, 436 F.3d 1033, 1035-36 (8th Cir. 2006). And this is true even when the issue to be determined by the court involves a question of coverage under an insurance policy. *Penn-Star Ins. Co. v. Barr-Bros. Plastering Co.*, 2011 WL 795062, at *2 (S.D. Ohio Feb. 28, 2011). In cases involving multiple defendants, like this one, "'courts frequently prefer to delay the default judgment against defaulting defendants until the claims against the non-defaulting defendants are resolved' in order to avoid inconsistent judgments.'" *Id.* (citation omitted); *see also Manns*, 2021 WL 462649, at *2. However, in this matter, the claims against the non-defaulting defendants were resolved by this Court's Memorandum Opinion and Order declaring that there is no coverage owed under the Great West policy. (Doc. No. 47.)

Plaintiff has complied with all of the requirements for a default judgment against Defendants under Rule 55. These Defendants were served, all failed to appear or otherwise defend in this case,

3

and Great West obtained a clerk's entry of default for each of these Defendants. Thus, all of Great West's well-pleaded allegations are taken as true, and Great West is entitled to default judgment. *See Manns*, 2021 WL 462649, at *2.

Accordingly, Plaintiff's Motion is GRANTED. Specifically, the Court declares that under the NTU policy, Great West has no duty to defend or indemnify Maric, Maric Transportation, Inc., or Ladejo in the Trumbull County Action; the allegations set forth in that Action are not covered by the NTU policy; and Defendants are bound by the Court's coverage determinations.

**IT IS SO ORDERED.**

Date: October 26, 2022

   *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE